IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.                                                                24-MJ-4013

DONDE LINDSAY a/k/a Dundee,
                          Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER**

      The United States, by and through its attorney, the United States Attorney for the Western District of New York, hereby responds to the defendant's motion to reconsider this Court's decision to stay filing of a release Order for 48 hours to allow the government to seek review before the district court. Since this Court has explicit authority under the Local Rules to issue stays of its orders, and the defendant has failed to identify any authority – controlling or otherwise – stating that a magistrate does not have such authority, the Court should deny the motion for reconsideration.

**I.    BACKGROUND**

      On January 17, 2024, local and federal law enforcement executed over a dozen search warrants at locations in connection with the take-down of a wiretap investigation targeting the armed narcotics distribution organization run by defendant Timothy Jackson, Jr. As described more fully below, the searches netted cocaine, fentanyl, firearms, cash, and paraphernalia for distributing narcotics.

Those locations included 135 Fifth Street (upper) in the City of Rochester, the residence of Donde Lindsay, a mid-level cocaine distributor for the organization who was selling 31-gram and 62-gram quantities of cocaine. The basis for the search warrant at the defendant's residence included controlled purchases of cocaine from the defendant at his residence, wiretap calls of the defendant and Jackson in connection with those purchases, and surveillance of Jackson delivering cocaine to the defendant at 135 Fifth Street shortly before the defendant sold cocaine to the informant.

At the time of the SWAT entry for the search warrant at the defendant's residence, the defendant, who has three prior felony convictions as part of his 30-year criminal history, was taken into custody running from a bedroom. Behind the dresser propped up against the wall in the defendant's bedroom, there was a loaded 9mm handgun with a large capacity magazine and defaced serial number. The defendant's cell phone that he used to communicate with Jackson was also located in the master bedroom. A female and five children were also in the residence. In the living room, there was mail in the defendant's name (including a cable bill addressed to him at 135 Fifth Street), as well as two digital scales. During the search, the defendant spontaneously and repeatedly stated that anything the police found in the apartment belonged to him and later made post-Miranda admissions to possessing the firearm for protection. The defendant was charged in state court with felony firearms offenses.

On January 22, 2024, in order to insure the defendant was not released from state custody, the defendant, Jackson and seven other defendants were charged in federal court by a 95-page Criminal Complaint under Magistrate No. 24-MJ-4013 with Conspiracy to

Possess with Intent to Distribute and to Distribute 5 kilograms or more of cocaine and 400 grams of more of fentanyl), Possession of a Firearm as a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), and Possessing Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See* Dkt. #1. At his initial appearance that same day, the government moved to detain the defendant on both dangerousness as well as risk of flight.

On June 25, 2024, after multiple previous proceedings conducted in relation to the government's motion for detention, this Court expressed its view that this was a "close case" and stated its intention to deny the government's motion to detain the defendant and, instead, release the defendant to the Salvation Army.[1] The Court and the parties were advised by U.S. Probation that the earliest the defendant could be transported to the Salvation Army would be the next day, June 26, 2024. Upon inquiry by the Court, the government indicated its intention to seek review of the decision with the district court and requested a stay. The Court indicated it would grant a stay of any release order for the government to file its motion seeking review with the district court. The Court further indicated that, if the government did not seek review, the Court would schedule an appearance to issue its order setting conditions of release.[2] The defendant questioned the Court's decision to grant the stay and argued against it. However, the Court indicated that it

---

[1] Due to the expedited nature of this filing, the factual representations of the court proceedings herein are based on the writer's recollection, and without the aid a transcript.

[2] First, contrary to the defendant's claim, the defendant has not been "ordered" release because there was no order issued and, therefore, no "order" to appeal. Rather, the Court indicated its intention would be to release the defendant if the government did not seek review of the Court's decision to order the defendant released. To be clear, however, the Court never ordered the defendant release. Defendant's claim that he is therefore being held without justification or authority is, therefore, simply incorrect.

3

routinely granted such stays to permit the government to file an appeal, and that it believed it was authorized to do so by the Local Rules. The Court overruled the defendant's objection and issued its stay till the end of the day on June 27, 2024 for the government to file its motion seeking review with the district court.

On the evening of June 25, 2024, the defense filed a motion seeking reconsideration of the Court's decision to issue its stay, claiming again that the Court has no authority to do so. Dkt. #133. That same day, the defendant was indicted in Monroe County Court on a felony firearms offense. It is anticipated that he will be arraigned in the next week.

On June 26, 2024, this Court issued a scheduling order directing the government to respond to the defendant's motion by noon the next day (June 27, 2024), the same day by which the government has to file its appeal with the district court. Dkt. #134. For the reasons that follow, the Court should deny the defendant's motion for reconsideration.

## II.    ARGUMENT

### A. This Court has the authority to stay its orders, including orders of release.

First, and as the Court indicated at the appearance on June 25, the Local Rules expressly permit magistrates to stay their orders. Local Rule 59(c)(1) states that "All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be effective *unless and until a stay is obtained* or the order is otherwise reversed or vacated by the District Judge." Loc. R. Crim. P. 59(c)(1) (emphasis added).  Clearly, the Local Rules acknowledge the

inherent authority of this Court to issue a stay. The defendant fails to address this in his motion for reconsideration.

The case of *Dietz v. Bouldin*, 579 U.S. 40 (2016), cited by the defense, supports this authority. In *Dietz*, the Supreme Court stated that it "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz*, 579 U.S. at 45 (inner quotations and citation omitted). Thus, *Dietz* does not require an express provision in the Bail Reform Act or other statute for every decision or order it makes. Second, the stay pending final decision by the district court does not run afoul of *Dietz*'s statement that limitations on the Court's inherent powers "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id*. (citation omitted). Here again, although the defendant claims that a stay conflicts with the Bail Reform Act, he identifies no "express grant of or limitation on" the court's authority in the Bail Reform Act that the stay contradicts. Indeed, he argues the absence of an express authority granting it – not that there is express authority that forbids a stay. Again, he fails to address the fact that the Local Rules contain an express grant authorizing the issuance of stays in relation to magistrate orders.

In addition to the express recognition of the authority to issue stays in relation to their orders, countless cases recognize that a stay (whether it be characterized as "administrative" or "temporary") of the magistrate's decision – and whether by the

magistrate or the district court – can be granted pending review by the district court. *See, e.g., United States v. Miller*, 145 F.3d 1334 (Table) (6th Cir. 1998) ("In a subsequent order granting a stay of release pending the government's appeal, the magistrate noted…."); *United States v. Morgan*, ___F.Supp.2d___, 2014 WL 2465278 at *1 (S.D.N.Y. 2014) ("Magistrate Judge Pitman ordered that Morgan continue to be detained until all conditions of his release were satisfied. Upon the Government's request for a stay pending appeal to this Court, Magistrate Judge Pitman stayed Morgan's release until the earlier of April 25, 2014 or this Court's decision on the Government's appeal."); *United States v. Agnello*, 101 F.Supp.2d 108, 109 (E.D.N.Y. 2000) ("Magistrate Judge Levy issued a temporary stay of the release, and I have issued several orders to continue the stay pending my determination of the matter.") *United States v. Harrison*, 354 F. Supp. 3d 270, 272 (W.D.N.Y. 2018). ("The United States has moved pursuant to 18 U.S.C. § 3145(a)(1) to revoke a decision of Magistrate Judge H. Kenneth Schroeder, Jr., that denied the United States' motion to detain defendant Harrison pending trial and ordered her pretrial release. On November 8, 2018, the Court stayed the release order pending disposition of the United States' motion to revoke the order. The Court heard oral argument and proffers from the parties on November 14, 2018."); *United States v. Solano-Fell*, ___F.2d___, 2009 WL 66071 at *1 (W.D.N.Y. 2009) (Larimer, J.) (After Judge Feldman ordered release of the defendant on conditions, "[t]he Government indicated its intention to appeal that decision and, therefore, Magistrate Judge Feldman agreed to stay implementation of his release order pending appeal to this Court.").

The logic underlying the stays of release orders pending final decision by the district court has been recognized in the Fifth Circuit in the context of a district court's power to stay the release order pending review under 18 U.S.C. § 3145:

> "Brigham correctly argues that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered."

*United States v. Brigham*, 569 F.3D 220, 230 (5th Cir. 2009). The reasoning of *Brigham* that supports a district court's power to issue a stay of a magistrate's release order applies with equal force to support a magistrate's authority to issue a stay of their release order – otherwise, the district court's review power could be rendered illusory, and the procedures in place under the Bail Reform Act neutralized.

This is also consistent with cases holding that the default rule of § 3142(f) – which requires that a person be detained until the motion is resolved – carries through to the district court's review of the magistrate decision. *See United States v. Kerr*, No. 3:19-CR-296-L, 2020 WL 1158521, at *7 (N.D. Tex. Mar. 10, 2020). ("Similarly but again analogously, even a defendant who is appealing a magistrate judge's pretrial release or detention order under 18 U.S.C. § 3142 remains in custody – despite the absence of a conviction and the presence of the presumption of innocence – because the status quo under 18 U.S.C. § 3142(f) is temporary custody while the motion for detention is pending. *See* 18 U.S.C. § 3142(f).").

Finally, although the defendant cites civil cases in connection with the standard to obtain a stay or injunctive relief, he has not cited a single case stating that such a standard applies to stays of release orders pending review by the district court. Moreover, although seeking review of a magistrate's release order is commonly referred to as an appeal, it is not. The Bail Reform Act permits the Government to "file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release…" 18 U.S.C. § 3145(a). Therefore, the standard for stays pending appeal to courts of appeal from final orders (which this is not), is inapplicable.

In the context of stays pending appeal to courts of appeal from final orders to remove aliens, the Supreme Court has articulated the standard regarding such stays as follows:

> "A stay is not a matter of right, even if irreparable injury might otherwise result." <u>Virginian R. Co.,</u> 272 U.S., at 672, 47 S.Ct. 222. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." <u>Id., at 672–673, 47 S.Ct. 222</u>; see <u>Hilton, supra,</u> at 777, 107 S.Ct. 2113 ("[T]he traditional stay factors contemplate individualized **1761 judgments in each case"). The party requesting a stay *434 bears the burden of showing that the circumstances justify an exercise of that discretion. See, *e.g.,* <u>Clinton v. Jones,</u> 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); <u>Landis v. North American Co.,</u> 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).
>
> The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion …. '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" <u>Martin v. Franklin Capital Corp.,</u> 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (quoting <u>United States v. Burr,</u> 25 F.Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)). As noted earlier, those legal principles have been distilled into consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

8

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Hilton, supra,</u> at 776, 107 S.Ct. 2113.

*Nken v. Holder*, 556 U.S. 418, 433-34 (2009.

Even applying the standard set forth above, the reasons to deny the motion to reconsider and uphold the stay in this case are manifest. The defendant is a danger to the community. He has three felony convictions involving illegal firearms possession and drug trafficking. Despite 30 years of criminal activity in this community and the last 8 years being unemployed, there is ample evidence that he is still selling large quantities of cocaine and illegally possessing loaded firearms. He has violated every parole, probation, and supervised release sentence except one.[3] He has committed felony offenses – including drug trafficking offenses – while under court supervision and while he has been released and had other criminal cases pending. As this Court noted repeatedly, the decision in this Court's view was "close". A close case weighs in favor of a stay to maintain the status quo of detention pending a final *de novo* review by the district court. Should the defendant be released to the community, the risk of irreparable harm is significant, whereas, there is little risk of any harm – let alone substantial harm – to this defendant, who has been in and out of custody for 30 years and has willingly consented to adjourning his detention hearing for

---

[3] Magistrate Payson suggested that the defendant's successful completion of one of his six terms of probation/parole/supervision outweighed the five prior failures to follow supervision and commit offenses while under court supervision. While it is laudable that in 2018 at age 44, the defendant was discharged from his sixth term of either probation/parole/supervised release, the fact that the defendant has chosen to return to his criminal activity of choice – selling cocaine and illegal possession of a firearm – at age 50 indicates he will is a persistent narcotics trafficker and illegal firearms possessor who will not stop committing this crimes unless he is in custody. As such, he presents a danger to the community.

9

months before seeking it. Finally, given the government's anticipated filing today seeking review of the decision to release the defendant, it makes sense for the district court to determine this issue, otherwise, this Court would potentially put the district court in a position of having to decide the detention issue after the defendant has been released, which is inconsistent with the procedures set forth in the Bail Reform Act mandating that a defendant be held in custody pending determination of the issue.

### B. The defendant has failed to carry his high burden to prevail on a motion to reconsider.

Judge Siragusa has summarized the law applicable to motions for reconsideration as follows:

> Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Smith*, 105 F. Supp.3d 255, 258 (W.D.N.Y. 2015) (citation omitted). District courts "'have applied the applicable civil standard to such motions in criminal cases.'" *Id.* (quoting *United States v. Larson*, 197 L.R.R.M. 2753, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 23, 2013)). As the Second Circuit has explained:
>
> > The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.
>
> *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).
> "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Greenwood Grp., LLC v. Brooklands, Inc.*, 199 F. Supp.3d 682, 684 (W.D.N.Y. 2016) (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted)). "'These criteria are strictly construed against the

10

moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10–CV–6651, 2013 WL 6662862, *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp.2d 365, 368 (S.D.N.Y.1999)). Thus, reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003).

United States v. Whitaker, Case No. 12-CR-6147CJS, Dkt. #64 at pp. 3-4 (W.D.N.Y. Oct. 29, 2020).

In this case, the defendant has failed to carry his strict burden of justifying the extraordinary remedy of reconsideration. He has failed to identify any controlling law or decision that forbids this Court from delaying the issuance of an order of release, or pointed to any new evidence that the Court overlooked. Nor has he addressed the substantial authority reflected by the Local Rules explicitly authorizing stays, or the numerous cases recognizing such authority to issue stays. Instead, he has simply repeated the arguments he previously made that the Bail Reform Act does not explicitly grant authority for a stay of a release order. That is insufficient under the high standard for obtaining the extraordinary remedy of reconsideration and, therefore, the Court should deny the motion to reconsider.

### III.   CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court deny the motion to reconsider its stay pending review by the district court.

DATED: Rochester, New York, June 27, 2024.

                            TRINI E. ROSS
                            United States Attorney

By:    *s/Robert A. Marangola*
          ROBERT A. MARANGOLA
          Assistant U.S. Attorney
          United States Attorney's Office
          Western District of New York
          500 Federal Building
          100 State Street
          Rochester, New York 14614
          (585) 399-3980
          Robert.Marangola@usdoj.gov