```
                   UNITED STATES DISTRICT COURT

                   WESTERN DISTRICT OF NEW YORK


- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA    )      24MJ4013
                            )
vs.
                                   Buffalo, New York
DONDE LINDSAY,              )      June 21, 2024
            Defendant.             2:00 p.m.
- - - - - - - - - - - - - - X
```

**CONTINUATION OF DETENTION HEARING**
**Transcribed from an Electronic Recording Device**

```
                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MARIAN W. PAYSON
                  UNITED STATES MAGISTRATE JUDGE
```

**FOR PLAINTIFF:**   ROBERT MARANGOLA, ESQ.
             Assistant United States Attorney
             100 State Street
             Rochester, New York 14614


**FOR DEFENDANT:**   JOHN J. GILSENAN, ESQ.
             Osborn, Reed & Burke, LLP
             120 Allens Creek Road, Suite 150
             Rochester, New York 14618


             K. Nenni, USPO

**COURT REPORTER: Karen J. Clark, Official Court Reporter**
             **Karenclark1013@AOL.com**
             **100 State Street**
             **Rochester, New York 14614**

```
 1                    USA V. D. LINDSAY
 2                    P R O C E E D I N G
                *              *              *
 3

 4

 5            MAGISTRATE JUDGE PAYSON:  That information
 6   this morning, I think the parties received copies of my
 7   communication from Officer Nenni confirming that
 8   information.
 9        Mr. Gilsenan, is there anything else that you
10   want to add at this point?
11            MR. GILSENAN:  Your Honor, just that Ms.
12   Knight, Mr. Lindsay's sister, is here in court today.
13            MAGISTRATE JUDGE PAYSON:  And who is Ms.
14   Knight?  Okay.
15            Ms. Knight, I'm Judge Payson.  And it has
16   been represented that you would be willing to have Mr.
17   Lindsay reside with you.  Is that correct?
18            MS. KNIGHT:  Yes.
19            MAGISTRATE JUDGE PAYSON:  And, Ms. Knight,
20   do you work?
21            MS. KNIGHT:  I'm disabled.
22            MAGISTRATE JUDGE PAYSON:  Okay.  So you're
23   at home pretty much all of the time?
24            MS. KNIGHT:  Yes.
25            MAGISTRATE JUDGE PAYSON:  All right.  And I
```

```
1                       USA V. D. LINDSAY
2     know that your residence is in a state right now where
3     you're doing some renovations?
4                   MS. KNIGHT:  Yeah.
5                   MAGISTRATE JUDGE PAYSON:  But you would be
6     willing to have your brother live with you?
7                   MS. KNIGHT:  Yes.
8                   MAGISTRATE JUDGE PAYSON:  Okay.  Thank you
9     very much.  I appreciate that.
10                  The government's motion is, there is
11    certainly a basis for the government's motion, and the
12    government correctly notes that given, given the charges
13    and the government's view that probable cause supports
14    the charges that a rebuttable presumption in favor of
15    detention arises by virtue of the Bail Reform Act, and I
16    would say that, of note, as counsel is aware, I was the
17    judge that reviewed the Complaint.  Obviously, in
18    signing the Complaint, I determined the basis on the
19    allegations in the Complaint that the charges against
20    Mr. Lindsay were supported by probable cause.  It has
21    been my view that at a detention hearing, that where
22    there has not been an indictment, that the judge should
23    make an independent, a second determination as to
24    whether probable cause, in the judge's mind, still
25    exists, and I do make that determination here.  So I
```

1                    USA V. D. LINDSAY
2    think the government is entitled to rely on the
3    presumption.  It is rebuttable, as I indicated.
4              I think it is a very close case.  There are
5    a number of factors and considerations that weigh in
6    favor of detention.  There are those in my mind that
7    weigh in favor of release, one of which is that, despite
8    some prior history of non-compliance when Mr. Lindsay
9    was a younger man, the most recent period of supervision
10   of probation term in the last, I think, 10 years, I was
11   looking at the report this morning, he completed without
12   any evident issues.
13             All a long way of saying, that while I very
14   much appreciate Ms. Knight coming forward and making her
15   home available to her brother, and I want to keep that
16   in my back pocket, so to speak, I'm thinking that I
17   might prefer if I were to consider release for Mr.
18   Lindsay to live at the Salvation Army, which is a more
19   structured environment, which would keep him engaged in
20   productive work, that would have people there keeping
21   and eye on him knowing he is there when he is supposed
22   to be there.  I assume that Mr. Lindsay would qualify
23   for the Salvation Army.  There wouldn't be anything that
24   would disqualify.  Although, I had a case recently in
25   which I was advised that the Salvation Army declined to

1                    USA V. D. LINDSAY
2    consider somebody else.
3              So, Officer -- Mr. Gilsenan, if Mr. Lindsay
4    is open to residing at the Salvation Army, understanding
5    that the Salvation Army is a pretty strict program and a
6    lot would be required of him, I am open to considering
7    that and would like to hear whether the Salvation Army
8    would consider taking him.  That would give Mr.
9    Marangola an opportunity to think as well before I
10   finally render a decision, if I do decide to release Mr.
11   Lindsay to Salvation Army and there would be strict
12   additional other requirements, electronic monitoring and
13   a whole host of conditions that I think counsel can
14   envision, Mr. Marangola can consider whether he wants me
15   to issue a stay of my determination so that he can seek
16   review.
17             Mr. Gilsenan, do you know whether Mr.
18   Lindsay would be open to that?
19             MR. GILSENAN:  He would be, your Honor.
20             MAGISTRATE JUDGE PAYSON:  Okay.  Ms. Nenni,
21   can you let us know if that is an option?
22             PROBATION:  Yes, I can, your Honor.  I will
23   check with the Salvation Army this afternoon.
24             MAGISTRATE JUDGE PAYSON:  All right.  And
25   just e-mail me.  When I hear back, I will make --

```
 1                    USA V. D. LINDSAY
 2   schedule another appearance.
 3              Mr. Gilsenan, if I can ask you perhaps to go
 4   and talk to Ms. Knight.  She has her hand up and seems
 5   like there might be something that she wants the Court
 6   to know.
 7              (Whereupon, there was a pause in the
 8   proceeding.)
 9              MR. GILSENAN:  Your Honor, Ms. Knight wanted
10   the Court to know that she was anticipating her brother
11   to be able to help her with the renovations and help her
12   day-to-day caretaking tasks because of her disability.
13   And I think that was in response to the Court's desire
14   for Mr. Lindsay to stay occupied in a productive way
15   when he is out.
16              MAGISTRATE JUDGE PAYSON:  I'll consider
17   that.  In cases like this, which, in my view, are very
18   close cases, I'm generally had a preference for
19   Salvation Army, but I appreciate that offer and let me
20   consider it and let me see whether the Salvation Army is
21   an option and then I'll make a determination.
22              So I assume that we'll be back in court
23   probably sometime next week.  Do you want to reserve on
24   a preliminary hearing or do you want me to Schedule one
25   at this time?
```

```
                    USA V. D. LINDSAY
 1
 2            MR. GILSENAN:  Your Honor, I'd ask the Court
 3  --
 4            MAGISTRATE JUDGE PAYSON:  Did I already?
 5            MR. MARANGOLA:  The Court previously
 6  scheduled --
 7            MAGISTRATE JUDGE PAYSON:  I did schedule
 8  that.
 9            MR. MARANGOLA:  The Court scheduled it for
10  July 1st.
11            MAGISTRATE JUDGE PAYSON:  July 1st, that's
12  right.
13            MR. GILSENAN:  At this point, we can take
14  back that request given the posture.
15            MAGISTRATE JUDGE PAYSON:  Okay.  You haven't
16  presented to the grand jury?
17            MR. MARANGOLA:  I have not, Judge.
18            MAGISTRATE JUDGE PAYSON:  Any objection to
19  taking it off the calendar?
20            MR. MARANGOLA:  To taking the hearing off?
21            MAGISTRATE JUDGE PAYSON:  Yes.
22            MR. MARANGOLA:  No, so long as we're
23  excluding the time for some period beyond that in order
24  to do that, if it becomes necessary, I have no objection
25  to taking it off.
```

```
 1                    USA V. D. LINDSAY
 2              MAGISTRATE JUDGE PAYSON:  What I'm going to
 3   do is put this on our calendar for, again, as a
 4   placeholder, how about Tuesday at 3 or I could do
 5   Tuesday at 1:30.  You know, I'm sorry.  I'm looking at
 6   one week ahead.  I was looking at the July 4th week.
 7              I can do 1:30, I could do 3 o'clock on
 8   Tuesday, I could do sometime late morning.
 9              MR. MARANGOLA:  Is this the 25th?
10              MAGISTRATE JUDGE PAYSON:  The 25th.
11              MR. MARANGOLA:  The afternoon would be
12   better.  Any of those times the Court mentioned in the
13   afternoon would work.
14              MAGISTRATE JUDGE PAYSON:  How about 2:30 on
15   the 25th?
16              MR. GILSENAN:  That works, your Honor.
17              MAGISTRATE JUDGE PAYSON:  Okay.  We'll put
18   this on for the 25th at 2:30.
19              Officer Nenni, I look forward to hearing
20   from you before then, I should say.  And then I need an
21   exclusion of time.
22              At the moment, the government's motion for
23   detention remains pending.  I have not made a final
24   determination with respect to the motion.  So time is
25   automatically excluded between today and June 25th at
```

```
 1                    USA V. D. LINDSAY
 2   which time I would hope to be able to make a decision
 3   one way or the other.  But between today and Tuesday,
 4   time is excluded in the interest of justice due to the
 5   continued pendency of the government's motion for
 6   detention.
 7              Mr. Lindsay is asking me to allow him to
 8   rescind his request for a preliminary hearing.  That
 9   motion is granted.  The preliminary hearing that had
10   been scheduled for July 1st is canceled.  And Mr.
11   Lindsay is reserving his right to request a preliminary
12   hearing.  Mr. Gilsenan is not asking me to Schedule one
13   at this time.  Correct?
14              MR. GILSENAN:  That's correct, your Honor.
15              MAGISTRATE JUDGE PAYSON:  Okay.  Anything
16   else?
17              MR. MARANGOLA:  No, your Honor.
18              MR. GILSENAN:  No, your Honor.
19              MAGISTRATE JUDGE PAYSON:  Thank you very
20   much.  Thank you.
21
22
23
24
25
```

```
 1                    USA V. D. LINDSAY
 2
 3                  CERTIFICATE OF REPORTER
 4
 5      I certify that the foregoing is a correct transcript
 6   of the record to the best of my ability of proceedings
 7   transcribed from the audio in the above-entitled matter.
 8
 9   S/ Karen J. Clark,  RPR
10   Official Court Reporter
```