```
14:19:23   1                UNITED STATES DISTRICT COURT

           2                WESTERN DISTRICT OF NEW YORK

           3

           4    - - - - - - - - - - - - - - X
                UNITED STATES OF AMERICA    )      24MJ4013
           5                                 )
                vs.
           6                                        Buffalo, New York
                DONDE LINDSAY,              )      June 25, 2024
           7                Defendant.             2:30 p.m.
                - - - - - - - - - - - - - - X
           8    CONTINUATION OF DETENTION HEARING
                Transcribed from an Electronic Recording Device
           9
                             TRANSCRIPT OF PROCEEDINGS
          10           BEFORE THE HONORABLE MARIAN W. PAYSON
                          UNITED STATES MAGISTRATE JUDGE
          11
                FOR PLAINTIFF:   ROBERT MARANGOLA, ESQ.
          12                     Assistant United States Attorney
                                 100 State Street
          13                     Rochester, New York 14614

          14
                FOR DEFENDANT:   JOHN J. GILSENAN, ESQ.
          15                     Osborn, Reed & Burke, LLP
                                 120 Allens Creek Road, Suite 150
          16                     Rochester, New York 14618

          17
                                 K. Nenni, USPO
          18

          19

          20

          21

          22

          23
                COURT REPORTER: Karen J. Clark, Official Court Reporter
          24                    Karenclark1013@AOL.com
                                100 State Street
          25                    Rochester, New York 14614
```

```
 1                    USA V. D. LINDSAY
 2                    P R O C E E D I N G
                  *              *              *
 3
 4
 5              THE CLERK:  This is the case of United
 6    States of America versus Donde Lindsay, 24MJ4013.
 7              MAGISTRATE JUDGE PAYSON:  At the last court
 8    appearance, I raised two issues.  One was whether Mr.
 9    Lindsay would be accepted into the Salvation Army
10    program if I determined that a release condition
11    centered around that would be appropriate.
12              Officer Nenni, would you place on the record
13    what you learned?
14              PROBATION:  Yes, your Honor.  The defendant
15    had an intake assessment with the Salvation Army
16    yesterday and was accepted into the program and he could
17    be placed as early as tomorrow afternoon.
18              MAGISTRATE JUDGE PAYSON:  Okay.  And Mr.
19    Marangola, I put you on notice of my consideration of
20    Mr. Lindsay's placement at the Salvation Army so you
21    could make a determination about whether you would seek
22    a stay in the event that I did impose release
23    conditions, again, centered around his residing and
24    participating in the Salvation Army program.  Have you
25    had an opportunity to consider that?
```

```
                    USA V. D. LINDSAY
```

1                       USA V. D. LINDSAY

2            MR. MARANGOLA:  I have, judge.  And yes, I

3   would be seeking a stay.

4            MAGISTRATE JUDGE PAYSON:  Okay.  So let me

5   indicate for the record, it is my intention to deny the

6   government's motion for detention, as I think I

7   indicated at the last court appearance.  I do think it

8   is a close case, and I'm mindful that the government has

9   proffered what, at this stage, appears to be reasonably

10  strong evidence certainly in support of the drug

11  charges.  As to the firearms charge, the government has

12  proffered evidence that seems reasonably strong in

13  support of the proposition that Mr. Lindsay unlawfully

14  possessed a firearm at his residence at a time when he

15  was involved in drug dealing and it was a loaded

16  firearm.  Plainly, that is dangerous.  And in the event

17  that there is a combination of drugs and firearms, that

18  is a dangerous mix.

19           I acknowledged that this case gives rise to

20  a rebuttable presumption and that I do find probable

21  cause that Mr. Lindsay has committed the charges that he

22  faces here and so the government is entitled to rely on

23  the presumption.

24           In rebuttal, the defense has come forward

25  with a proposal that, first, that Mr. Lindsay be

```
 1                    USA V. D. LINDSAY
 2   permitted to live with his sister.  When I expressed
 3   interest in exploring another avenue, that would be
 4   living at the Salvation Army, the defense indicated that
 5   Mr. Lindsay would be agreeable to and interested in
 6   living at the Salvation Army.  In my experience, that is
 7   a structured program that has -- has worked well in a
 8   number of cases in which I have ordered release where,
 9   like this, I find it to be a close case and I wasn't
10   comfortable releasing somebody to go back to live where
11   they had been living before.  I find that the program is
12   also good insofar as it generally requires people who
13   live there to work hard and to be productively engaged.
14   Not everybody succeeds.  I don't want to suggest that
15   it's been 100 percent success for me.  But, in cases
16   like this, I think it has worked well.
17             Mr. Lindsay certainly has a criminal
18   history.  As he has gotten older, the past offenses are
19   more in the nature of misdemeanor offenses rather than
20   felony offenses.  And what is significant to me is the
21   most recent offense, he had a three-year term of
22   probation that he appears to have completed successfully
23   without any issues, which suggests to me that Mr.
24   Lindsay, as an adult, has had better success than he did
25   as a younger, less mature person, understanding the
```

```
 1                    USA V. D. LINDSAY
 2   importance of complying with supervision and court
 3   requirements and being able to do so.  With respect to
 4   the firearm, there is no question that that gives me
 5   significant pause.  I do find relevant and significant
 6   what Mr. Gilsenan has proffered, that it is reasonable
 7   to believe that if the government had evidence that Mr.
 8   Lindsay was displaying, discharging, threatening,
 9   somebody in the course of drug dealing with a gun, if
10   the government had that evidence, I'm sure Mr. Marangola
11   would have told me about that.
12            MR. MARANGOLA:  I don't have that evidence,
13   I'll state that.
14            MAGISTRATE JUDGE PAYSON:  Yes.  I'm sure you
15   would acknowledge that.  So we have a gun that was found
16   in his residence and no evidence that in connection with
17   the charges here that Mr. Lindsay has committed an act
18   of violence, has threatened somebody with a gun or has
19   displayed the gun.
20            So given all of the information that I have,
21   I believe that the -- that release would be appropriate,
22   that there are conditions that can be set, but they
23   would be about as strict as one can get.  They would be
24   Salvation Army with electronic monitoring.  Assuming
25   Salvation Army allows a curfew, which I think they do, I
```

```
 1                    USA V. D. LINDSAY
 2   would set a curfew so he can't be out of the Salvation
 3   Army at night.  So I would expect that he would be
 4   working productively during the day, participating in
 5   programs that might be appropriate for him such as
 6   substance abuse programs and treatment, be there at
 7   night, wear an electronic bracelet, so if he is not
 8   there, we would know that, and he would get picked up
 9   and be brought back here, as well as a host of other
10   conditions that I imagine that counsel are fairly
11   familiar with.  You know, can't be outside of the
12   Salvation Army, has to comply with the rules and
13   regulations of the Salvation Army, no possession of any
14   firearms or dangerous devices or destructive devices,
15   dangerous weapons, no use of any alcohol, drugs,
16   controlled substances, drug testing, drug treatment,
17   reporting to pretrial, reporting to pretrial any contact
18   with law enforcement.  Those are the -- the main
19   conditions.  So that is my intention.  That is the basis
20   of my summary of how I see this case.
21            As I said, I do think it is a close case and
22   that is why I put Mr. Marangola on notice so he could
23   think about whether he wishes to seek a stay.  And Mr.
24   Marangola would you be able to file that -- what is
25   today?  By Thursday?
```

```
 1                    USA V. D. LINDSAY
 2            MR. MARANGOLA:  Yes, Judge.  I'll file that
 3   by Thursday.
 4            MAGISTRATE JUDGE PAYSON:  Okay.  Mr.
 5   Gilsenan, you'll check the docket.  If for some reason
 6   Mr. Marangola has not filed that by Thursday, let me
 7   know, I'll put the matter on the calendar for Friday and
 8   set release conditions.  So I'm assuming that that will
 9   be filed.  I think sometimes it's possible that Mr.
10   Marangola could change his mind, I think unlikely, and I
11   imagine if he did change his mind, he would let us know
12   that.
13            MR. MARANGOLA:  I would.  I was going to say
14   that.
15            MAGISTRATE JUDGE PAYSON:  Let's go forward
16   on the assumption that Mr. Marangola is asking the trial
17   judge to review my determination to set release
18   conditions, and that is going to have to play out.  So
19   you're going to have to persuade the district court
20   judge in addition to me that it is appropriate that you
21   be released.  And I don't know how that's going to turn
22   out, but that is going to happen.  That will be the next
23   stage in these proceedings.
24            Let's go forward in setting a next date for
25   this case.  Do you want -- you withdrew your motion for
```

```
 1                    USA V. D. LINDSAY
 2   a preliminary hearing.  Are you asking me to re-set that
 3   or do you want me to put it on just for status.  Did I
 4   set a status date?  I don't think I did.  We just took
 5   off the preliminary hearing and put on today's date,
 6   right?
 7             MR. MARANGOLA:  I don't think we set a
 8   status date.
 9             MAGISTRATE JUDGE PAYSON:  No, I don't think
10   we did.
11             MR. GILSENAN:  I have a question.  I have
12   papers that I plan to file in opposition to the
13   government's motion for a stay.  Is that response, is
14   that directed towards the district court?
15             MAGISTRATE JUDGE PAYSON:  Yes.
16             MR. GILSENAN:  And if there was to be a
17   hearing or argument, that would be held before the
18   district judge, correct?
19             MAGISTRATE JUDGE PAYSON:  Correct.
20             MR. GILSENAN:  So at this point, I ask the
21   Court to set another status.
22             MAGISTRATE JUDGE PAYSON:  How much time
23   would you like?
24             MR. GILSENAN:  Thirty days, your Honor.
25   Actually, I begin trial again in Buffalo on the 29th of
```

```
 1                    USA V. D. LINDSAY
 2   July, so any time before that, maybe the week before
 3   that.
 4               MAGISTRATE JUDGE PAYSON:  The 23rd?
 5               MR. GILSENAN:  That should work, your Honor.
 6               MAGISTRATE JUDGE PAYSON:  Nine o'clock.
 7               MR. GILSENAN:  Yes.
 8               MR. MARANGOLA:  Nine o'clock on the 23rd?
 9               MAGISTRATE JUDGE PAYSON:  July 23rd is the
10   next status date in this case.
11               You're asking for an interest of justice
12   exclusion?
13               MR. GILSENAN:  Yes, your Honor.
14               MR. MARANGOLA:  Government joins that
15   request.
16               MAGISTRATE JUDGE PAYSON:  Joint request to
17   exclude time in the interest of justice is granted.
18   Time is excluded between today and July 23rd under 18
19   U.S.C. 3161(h)(7).  I find that Mr. Lindsay's interest,
20   the government's interest and the public's interest in
21   both a speedy indictment and speedy trial are outweighed
22   by Mr. Lindsay's interest in having enough time to
23   discuss the charges more fully with Mr. Gilsenan, to go
24   over with Mr. Gilsenan discovery relating to the
25   charges, discuss his options, whether to engage in plea
```

1                    USA V. D. LINDSAY
2    negotiations, or whether to ask for a preliminary
3    hearing.  So for those reasons, time is excluded in the
4    interest of justice between today and July 23rd under 18
5    U.S.C. Section 3161(h)(7).
6               Mr. Gilsenan, let me go back to the question
7    you asked about who would hear -- you're talking about
8    who would hear a motion, your opposition to a motion to
9    stay?
10              MR. GILSENAN:  That's correct, your Honor.
11   And actually, your Honor, after the Court put the other
12   information on the record, I guess I would object, if I
13   can, I'm not sure if I even can, to the government --
14   giving the government until Thursday.  If there is a bed
15   open tomorrow for him to be picked up tomorrow, I plan
16   to file that opposition as soon as I get back to my
17   computer and the arguments center around the Bail Reform
18   Act's lack of any mechanism for staying the Magistrate
19   judge's decision and addresses some issues regarding the
20   inherent power of the Court to stay a decision.
21              MAGISTRATE JUDGE PAYSON:  Officer Nenni, do
22   you have any reason to believe that the bed would not be
23   available on Thursday or later than that?
24              PROBATION:  Your Honor, there -- I can
25   confirm from the Salvation Army, but there should still

```
 1                    USA V. D. LINDSAY
 2   be a bed on Thursday.  They just advised the earliest
 3   they could pick him up from this building would be
 4   tomorrow afternoon.
 5            MAGISTRATE JUDGE PAYSON:  Okay.  I don't
 6   think I've had much difficulty getting somebody into the
 7   Salvation Army in terms of availability.
 8            PROBATION:  That's correct.  I haven't had
 9   that experience yet.  Every time I reached out to them,
10   they've had an open bed.
11            MAGISTRATE JUDGE PAYSON:  And that is,
12   unlike treatment programs that I think sometimes if you
13   don't get that bed, it's going to go to someone else, I
14   haven't had that experience with the Salvation Army.
15   I'm trying to think, in all of my time here, whether I
16   -- I don't think I've ever entertained a motion or
17   opposition to a stay, so I'll ask Mr. Marangola, is that
18   something, that argument over a stay, has been had
19   before the district court?
20            MR. MARANGOLA:  No, Judge.  I've never had
21   that.  We filed the motion and then we get schedule from
22   the district judge as to what they want to do in terms
23   of proceedings after that.
24            MAGISTRATE JUDGE PAYSON:  Okay.  So I don't
25   want to speak too quickly in saying that would
```

1           USA V. D. LINDSAY
2  necessarily be heard before the district judge.  It's
3  pretty unusual.  I think here that a defendant opposes
4  the motion, opposes the stay as opposed to opposes
5  substantively.  And, you know, I know the last thing you
6  want is to end up having proceedings over a stay then
7  end up delaying substantive proceedings before the
8  district court.  But I'm happy to look at your motion.
9  I don't know whether that would be heard before me or
10 whether it would be heard before the district court,
11 whether I would decide it on the papers, whether the
12 district court would decide it on the papers.  In close
13 cases, I rather routinely do grant a stay or, you know,
14 and I would investigate whether I had jurisdiction to
15 stay my own decision pending district court review.  I
16 don't know that anybody has ever told me that I can't do
17 that.  And I've done it routinely.  That is not to say I
18 haven't been wrong for all of these years and other
19 judges before me and after me.  It's a pretty routine
20 practice here.
21          So file whatever it is that you have to file
22 and, you know, we'll sort it out from there.  But I
23 would say, I approach this case saying for me, it was a
24 very hard decision and I have -- and here I think it
25 would be appropriate, as I've done in many other cases,

```
                      USA V. D. LINDSAY
```

1  
2  to allow the government to be heard before the district
3  court before the defendant is released where they
4  contend that there are no conditions that would
5  adequately assure his return to court as well as safety
6  of the community.  But I am happy to take a look at your
7  motion and I don't know whether that is, as I said,
8  something I would decide, something the district court
9  would decide.  But once Mr. Marangola files that motion,
10 I think that will start the ball rolling in terms of
11 getting a schedule from the district court.
12            MR. GILSENAN:  Your Honor, would the Court
13 suggest that I file my opposition before the government
14 files their motion or is that putting the cart before
15 the horse?
16            MAGISTRATE JUDGE PAYSON:  Okay.  You were
17 saying you were going to go back and you intended to
18 file something today.  I don't know what it is.  I
19 haven't seen what it is that you plan to file.  No, I
20 think that you should respond to the government's
21 motion.
22            MR. GILSENAN:  Okay.  All right then.  Thank
23 you, your Honor.
24            MAGISTRATE JUDGE PAYSON:  Okay.
25            MR. MARANGOLA:  Thank you, Judge.

USA V. D. LINDSAY

MAGISTRATE JUDGE PAYSON:  Thank you.

<u>CERTIFICATE OF REPORTER.</u>


   I certify that the foregoing is a correct transcript of the record to the best of my ability of proceedings transcribed from the audio in the above-entitled matter.

<u>S/ Karen J. Clark,</u>  RPR

Official Court Reporter